STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ALAMANCE COUNTY     FILE NUMBER:

25CV003836-000

| | |
|---|---|
| ANGELA BALDWIN, | )<br>) |
| Plaintiff, | )<br>)    **COMPLAINT** |
| Vs. | )<br>)    **JURY TRIAL DEMANDED** |
| RENAL TREATMENT CENTERS - MID-ATLANTIC, INC. D/B/A BURLINGTON DIALYSIS and D/B/A DAVITA BURLINGTON DIALYSIS, | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

NOW COMES the Plaintiff ANGELA BALDWIN ("Plaintiff") by and through the undersigned counsel, complaining of the Defendant RENAL TREATMENT CENTERS - MID-ATLANTIC, INC. D/B/A BURLINGTON DIALYSIS and D/B/A DAVITA BURLINGTON DIALYSIS ("Defendant") as follows:

### NATURE OF THE CASE

1. This is a corporate negligence case arising from injuries Plaintiff suffered when a faulty mechanical arm that held a television struck her while she was at Defendant's dialysis center on July 16, 2022, referred to herein as the "Incident."

### PARTIES, VENUE, AND JURISDICTION

2. Plaintiff is a resident of Alamance County.

3. Upon information and belief, defendant RENAL TREATMENT CENTERS - MID-ATLANTIC, INC. D/B/A BURLINGTON DIALYSIS and D/B/A DAVITA BURLINGTON DIALYSIS ("Defendant") is corporation existing under the laws of Delaware, whose nature of business is kidney dialysis services, that did and does business in and is registered to do business in North Carolina, whose registered agent is Corporation Service Company, registered office street and mailing addresses are 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608, and whose principal office street address is 2000 16th Street, JLD/SecGovFin, Denver, Colorado 80202. Defendant does business as Burlington Dialysis and/or Davita Burlington Dialysis (collectively, "Burlington Dialysis"), and the street address for the principal place of business for Burlington Dialysis is 873 Heather Rd, Attn: JLD/SecGovFin, Burlington, North Carolina 27215-6288.

4. This Court has jurisdiction over the Defendant pursuant to N.C. Gen. Stat. §§ 1-75.4 (1)(d) and (3).

1

5. Venue is proper N.C. Gen. Stat. § 1-80 because Defendant is a foreign corporation, Plaintiff is a resident of this county, and the cause of action arose in this county.

## FACTS

6. Plaintiff incorporates and realleges all prior allegations as though fully alleged herein.

7. Plaintiff suffers from kidney disease

8. On Saturday, July 16, 2022, Plaintiff was at Burlington Dialysis for dialysis.

9. Plaintiff suffers from kidney disease and she had dialysis performed regularly at Burlington Dialysis.

10. When Plaintiff arrived, she was placed at a bank of dialysis machines in a section of Burlington Dialysis where she had not been placed before.

11. Plaintiff was situated in the dialysis chair, was hooked up to the dialysis machine, and dialysis was underway.

12. Dialysis sessions typically last three to four hours.

13. Burlington Dialysis had small televisions on swing arm stands attached to cabinets behind the dialysis machines that are available for clients to use while they are waiting for their dialysis to complete.

14. One of the Burlington Dialysis employees asked Plaintiff if she wanted to watch television. Plaintiff told her that she did. The employee swung the television around on its swing arm stand and placed it over Plaintiff's head. Normally, the television would stay in place there until patients reached to move it where they wanted it. However, when the employee swung the television around on its swing arm stand and over Plaintiff's head, the television and swing arm immediately fell and struck Plaintiff's head and shoulder, injuring her.

15. Upon information and belief, said swing arm stand was faulty, and could not sustain the combined weight of the television and swing arm.

16. Upon information and belief, said swing arm stand was known by Defendant's employees, managers, contractors, and/or agents to be faulty before Plaintiff was injured.

17. Upon information and belief, said swing arm stand should have been repaired or replaced before Plaintiff was injured.

18. Upon information and belief, said swing arm stand should have been disabled so it could not be used or conspicuously labeled with a warning before Plaintiff was injured.

19. Upon information and belief, Defendant's employees, managers, contractors, and/or agents should have at a minimum been informed that the swing arm stand had failed and instructed not to use it or allow its use.

2

20. Upon information and belief, there was ample time from when the swing arm stand was known to have failed to when Plaintiff was injured for Defendant to have repaired, replaced, disabled, conspicuously labeled it, or informed its staff that it had failed and instructed them to not use it or allow its use.

21. Plaintiff was an invitee of Defendant.

22. Plaintiff did not cause or contribute to her injury.

23. Plaintiff did not touch the television or swing arm stand before it struck her.

24. Defendant is liable for the conduct and negligence of its employees, managers, contractors, and agents under respondeat superior, vicarious liability, and agency principles.

## DAMAGES

25. Plaintiff incorporates and realleges all prior allegations as though fully alleged herein.

26. As a direct and proximate result of Defendant's negligence, Plaintiff:

   a. Suffered and continue to suffer from serious and painful bodily injuries;

   b. Experienced pain and suffering as a result of said injuries, and will continue to experience in the future, pain and suffering in body and in mind;

   c. Required and will likely continue to require medical treatment;

   d. Suffered impairment and permanent scarring from surgery;

   e. Incurred, and will likely continue to incur in the future, medical and other health care related expenses for necessary medical treatment;

   f. Experienced discomfort and distress in performing and inability to perform Plaintiffs' day to day activities and will continue to experience those problems in the future.

27. As a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered damages in an amount to be determined at trial, but in any case, greater than $25,000 but less than $75,000.

## CAUSES OF ACTION

28. Plaintiff incorporates and realleges all prior allegations as though fully alleged herein.

29. Defendant was negligent in one or more of the following respects:

   a. Defendant had a duty to not injure

   b. Breached its duty to exercise reasonable care in the maintenance of the swing arm stand;

c. Breached its duty to exercise ordinary care to keep the swing arm stands reasonably safe so as not to unnecessarily expose customers and lawful visitors to unreasonable and unnecessary danger and risk of injury;

d. Breached its duty to ensure that the facility was free of hidden dangers and hazardous conditions;

e. Breached its duty to properly supervise its staff;

f. Failed to properly instruct employees, agents or servants in the proper method of maintaining premises safety;

g. Failed to correct or otherwise remove a dangerous condition that it had actual prior knowledge of;

h. Failed to warn its employees and customers of a known (either constructive or actual) hazardous condition; and

i. Were otherwise negligent as will be shown by the evidence at trial of this matter.

30. As a direct and proximate result of the aforesaid acts and/or omissions of Defendant, Plaintiff suffered serious physical injuries, pain and suffering, and damages as more fully alleged in this Complaint.

31. Defendant is liable to Plaintiff for the damages caused by their breach of their duties in excess of $25,000 but less than $75,000, in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays judgment of the Court against the Defendant as follows:

1) That for each cause of action pled, Plaintiff has and recovers all damages incurred or to be incurred, in an amount to be determined by a jury, but in any event in excess of $25,000 but less than $75,000 with interest as allowed by law;

2) That Plaintiff has and recovers the costs of this action as allowed by law;

3) That Plaintiff has and recovers attorneys fees as may be allowed by law;

4) That Plaintiff be granted a jury trial as provided by law; and

5) That Plaintiff be granted such other and further relief as the Court may deem just, equitable, necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

4

This, the 9th day of July, 2025.

By: Eric L. Doggett
State Bar No. 39639
Plaintiff's Counsel
Kellum Law Firm, of counsel
112 North William Street
Goldsboro, NC 27530
Telephone: (919) 735-8888
Fax: (919) 735-8450

U.S. POSTAGE PAID
FCM LG ENV
GOLDSBORO, NC 27530
JUL 21, 2025

**$12.14**

S2323Y500628-30

Retail

27608

RDC 99

7020 3160 0002 3398 6701

Kellum Law Firm
Attn: Robert Smith
112 North William Street
Goldsboro, NC 27530
919-735-8888

Renal Treatment Centers – Mid - Atlantic, Inc. d/b/a Burlington
Dialysis and d/b/a Davita Burlington Dialysis
c/o Corporation Service Company, Registered Agent
2626 Glenwood Ave., Suite 550,
Raleigh, NC 27608